# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Philip L. Dowler, *et al.*,

    Plaintiffs,

-V-                            Case No.: 2:07 cv 848
                                JUDGE SMITH
                                Magistrate Judge Abel

Medicine Shoppe, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on Defendants' Joint Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation (Doc. 13).[1] Plaintiffs have filed a Response in Opposition to the Joint Motion to Stay (Doc. 16). This matter is now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation.

On June 22, 2007, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") issued a transfer order establishing MDL Proceeding No. 1836, titled *In re Mirapex Products Liability Litigation.* The transfer order directed that 58 pending Mirapex-related actions be transferred for coordinated pretrial proceedings in the U.S. District Court of Minnesota before the Honorable

---

[1] Defendants incorrectly label this a "joint motion." This is a motion by the Defendants, not all the parties, especially considering the Plaintiffs do oppose the motion to stay. In the future, all motions filed by the Defendants, shall simply be labeled Defendants' Motion. Misleading headings on motions are not well-taken by the Court.

James Rosenbaum pursuant to 28 U.S.C. § 1407. *In re Mirapex Products Liability Litigation*, No. 1836, 2007 U.S. Dist. LEXIS 45865 (J.P.M.L. 2007).

On July 13, 2007, Plaintiffs Philip L. Dowler and Deborah A. Dowler ("Plaintiffs") commenced this action entitled *Dowler, et al. v. Medicine Shoppe, et al.*, Case No. 07 CVB 07 9262 by filing a Complaint with the Court of Common Pleas, Franklin County, Ohio. On August 24, 2007, this action was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs assert claims for damages allegedly resulting from ingestion of Mirapex, which appears to be similar to those other Mirapex actions already pending before the district court in Minnesota. For example, similar to other Mirapex cases, Plaintiffs here allege that "defendants . . . failed to adequately warn the plaintiffs of the known and latent dangers of Mirapex including a failure to warn the plaintiffs of the known risks associated with Mirapex, ... which resulted in Mr. Dowler becoming an obsessive compulsive gambler." (See Compl. at 71).

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Removing Defendants sent notice to the MDL Panel of the pendency of this "tag-along" action on August 24, 2007. The Removing Defendants expect this case to be listed on a conditional transfer order within two weeks of the Panel's receipt of the tag-along letter. Once the conditional transfer order is issued, Plaintiffs will have fifteen days to object to transfer in accordance with Rule 7.4(c).

On September 21, 2007, the Court received a letter from the Chairman of the United States Judicial Panel on Multidistrict Litigation. The letter explains that Plaintiffs have filed a notice of opposition to the Panel's conditional transfer order pursuant to 28 U.S.C. §1407. The issue will be briefed and considered by the Panel. It was further explained that this Court retains

jurisdiction over the case until any transfer ruling becomes effective. While the letter confirms that the Court is free to rule on any pending motions, it suggests that waiting until the Panel has decided the transfer issue may be appropriate in the interest of uniformity.

Defendants argue that this case should be stayed to promote the judicial economies which underlie the MDL transfer statute. Additionally, Defendants argue that they will be substantially prejudiced by duplicative discovery and motions practice if a stay is not put in place. Plaintiffs, however, argue that the judicial economies weigh in their favor and that they would be prejudiced if this case were stayed. Specifically, Plaintiffs argue that there are other motions pending before this Court, such as the Motion to Remand, that they believe should be addressed immediately.

The authority of a federal court to stay proceedings is well-established. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

Therefore, to determine whether a stay is appropriate in this case, the Court must consider the following factors: "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs, Inc.*, 2005 U.S. Dist. LEXIS 25358 at *7 (S.D. Ohio October 24, 2005).

In considering the aforementioned factors, the Court finds that a stay is necessary in this case. The case may possibly be transferred as part of an MDL case and the very purpose of MDL transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings. Defendants in this case may face a hardship if forced to defend this action in two separate forums. Plaintiffs, however, do not appear to be facing any hardship right now. It appears the decision as to whether the case will be transferred is expected rather quickly and therefore there will be no harm in not ruling on Plaintiffs pending motions until after a decision by the MDL Panel. Finally, as previously discussed, the interests in judicial economy and consistent pretrial rulings outweigh all other interests and justify issuing a stay in this case until a decision is rendered by the MDL Panel. Defendants' Motion to Stay all Proceedings is therefore **GRANTED**.

This case is therefore stayed until a decision is rendered by the Judicial Panel on Multidistrict Litigation.

The Clerk shall remove Document 13 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**